UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Scruggs, #136701, )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　 )<br>　　vs. 　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>Warden Stevenson, 　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Respondent. 　 )<br>　　　　　　　　　　　　　　　　 ) | C/A No. 5:12-2940-GRA-KDW<br><br>REPORT AND RECOMMENDATION |

　　　　Petitioner, Albert Scruggs ("Petitioner" or "Scruggs"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment, ECF Nos. 17, 18, and Petitioner's Motion to Hold Habeas Petition; Respondent's Pending Motion; and Petitioner's Opposition in Abeyance ("Motion to Stay"), ECF No. 39. Respondent opposes the Motion, ECF No. 40.

　　　　Petitioner brought this habeas action on October 8, 2012.[1] On January 17, 2013, Respondent filed a Return and a Motion for Summary Judgment. ECF Nos. 17, 18. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 19. After requesting and receiving several extensions of time within which to respond to the Return and Motion for Summary Judgment,

---

[1] This filing date reflects that the envelope containing the Petition was stamped as having been received on October 8, 2012, at the Broad River Correctional Institution mailroom. Pet. Attach. 2, ECF No. 1-2. *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court). The Petition was received by the court and docketed October 11, 2012. Pet., ECF No. 1.

Petitioner filed the Motion to Stay on April 8, 2013. In his Motion, Petitioner seeks to hold the deadline for his responding to the Petition and Motion for Summary Judgment in abeyance, ECF No. 39. He has not filed a substantive response to the Motion for Summary Judgment. Having reviewed the parties' filings, the undersigned recommends the following: Petitioner's Motion to Stay, ECF No. 39, be construed in part as a Motion to Amend the Petition, and such portion of the Motion be *granted* as further set forth herein; the remainder of Plaintiff's Motion to Stay be *denied*; and Respondent's Motion for Summary Judgment, ECF No. 18, be *denied with leave to refile* as further set forth herein.

I.      Procedural History

Petitioner, confined at the Broad River Correctional Institution pursuant to orders of commitment from the Clerk of Court for Richland County, South Carolina, was indicted at the June 2002 term of the Court of General Sessions for Richland County for Burglary, second degree (02-GS-40-5055); Kidnapping (02-GS-40-5056); and Assault with Intent to Commit Criminal Sexual Conduct (02-GS-40-5057). Prior to trial the Petitioner was served with notice of intent to seek life without parole ("LWOP") on October 18, 2002. App. 608.[2] On November 14, 2002 Indictments 02-GS-40-5055 and 02-GS-40-5057 were re-presented to the grand jury as amended prior to the commencement of the trial and true-billed in their amended form. *See State v. Scruggs*, Factual Determination Order, filed April 9, 2004, ECF No. 17-4. On January 15, 2003, Petitioner proceeded to trial before the Hon. G. Thomas Cooper. He was represented by James P. Rogers, Esquire. Petitioner was found guilty on all charges. He was sentenced by Judge

---

[2] Citations to "App." refer to the Appendix and Supplemental Appendix for Writ of Certiorari as to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF Nos. 17-16 through 17-20 in this habeas matter. Page number references are to the pages as numbered in the Appendix.

Cooper to confinement for LWOP for both the Kidnapping and the Assault with intent to commit Criminal Sexual Conduct, and to a period of 15 years for the second-degree burglary offense. App. 514.

    A.  The Direct Appeal

Petitioner filed a timely Notice of Intent to Appeal with the South Carolina Court of Appeals on January 16, 2003. On appeal, Petitioner was represented by Robert M. Pachak of the South Carolina Office of Appellate Defense. On November 19, 2003, counsel made a Final Brief of Appellant asserting as the ground for relief: "Whether the trial court had subject matter jurisdiction to try appellant for assault with intent to commit criminal sexual conduct where the indictment was amended after it was true-billed by the grand jury?" Final Br. of Appellant 3, ECF No. 17-1. The South Carolina Court of Appeals remanded the case to the circuit court for a factual determination regarding whether the indictment had been re-presented in its amended form to the grand jury prior to the Petitioner's trial. *State v. Scruggs*, Op. No. 2004-UP-226 (S.C. Ct. App., March 30, 2004), ECF No. 17-3. On remand, Judge Cooper issued his order that the indictment had been re-presented to the grand jury in November 2002. *See State v. Scruggs*, Factual Determination Order, filed April 9, 2004, ECF No. 17-4. Through counsel Pachak, Petitioner filed a Supplemental Brief of Appellant on April 20, 2004. In the brief, counsel Pachak acknowledged Judge Cooper's order and supporting documentation and noted that "[t]here no longer exists an issue to the indictment." Suppl. Br. of Appellant 4-5, ECF No. 17-5. The Court of Appeals affirmed Petitioner's convictions, noting: "Appellant concedes in his supplemental final brief that there is no longer an issue regarding the indictment." *State v. Scruggs*, Op. No. 2005-UP-537, 2 n.1 (S.C. Ct. App. Oct. 3, 2005), ECF No. 17-6. Petitioner sought neither

rehearing in the South Carolina Court of Appeals nor certiorari to the South Carolina Supreme Court. The remittitur was issued by the Court of Appeals on October 19, 2005. ECF No. 17-7.

B.  State PCR Proceedings

Petitioner first made an Application for Post-Conviction Relief ("PCR") on September 20, 2004, 2004-CP-40-4395, amended March 4, 2005, while his direct appeal was still pending. App. 525-37. That Application was dismissed without prejudice on September 21, 2005. App. 541-42. On October 14, 2005, subsequent to the Court of Appeals' decision affirming his conviction, Petitioner filed another PCR Application, 2005-CP-40-5306. App. 543-55. That Application was merged with the original application by the Administrative Judge on November 23, 2005. Because the dismissal was without prejudice of the 2004 action, the Respondent, upon notice, sought to reset the 2004 Application, 2004-CP-40-4395, to the active roster on or about February 2008. *See* App. 556 n.1. The PCR court concurred. App. 579. Respondent made its Return on January 5, 2009. App. 556-61. An evidentiary hearing into the matter was convened on February 25, 2009 at the Richland County Courthouse before the Honorable L. Casey Manning, Circuit Court Judge. Petitioner was present at the hearing and was represented by appointed counsel Tara Dawn Shurling, Esquire. Brian T. Petrano of the South Carolina Attorney General's Office represented Respondent. App. 572-621 (Hr'g Tr.).

In his amended Application, Petitioner alleged that he is being held in custody unlawfully for the following reasons:

    1. Subject Matter Jurisdiction
    a. The service of the LWOP notice was faulty and therefore conviction and sentencing is invalid.
    2. Ineffective Assistance of Counsel.
    a. Counsel failed to object to the sentence of life without parole under Section 17-25-45.

4

   b. Counsel Failed to investigate, including the interviewing of defense witnesses and advice about the use of his prior record to impeach.
   c. Counsel failed to request mental evaluation prior to trial concerning his competency to stand trial.
  3. Improper jury instructions.
   a. Instructions shifted the burden of proof when instructions referred to "absolute certainty."
   b. Counsel was ineffective in failing to object to the instruction.

App. 549-55. Petitioner testified on his own behalf at the PCR hearing. App. 580-607. His trial counsel, James Rogers, Esquire, also testified at the hearing. App. 607-18. The PCR court entered its Order of Dismissal of Petitioner's Application on June 23, 2009. App. 622-31.

 C. PCR Appeal

  Petitioner filed a timely notice of appeal. In the appeal, he was represented by Appellate Defender Katherine H. Hudgins. On April 30, 2010, counsel made a petition for writ of certiorari raising the following issue: "Did the PCR judge err in refusing to find counsel ineffective for failing to move for a mistrial based on three separate improper comments made by the State in closing argument?" Pet. for Writ of Cert. 2, ECF No. 17-9. Respondent, through Assistant Attorney General Petrano, made a Return to the petition and asserted as a counter-issue "whether the issue(s) now argued was not similarly addressed by the PCR court and is not properly before this court." Resp't's Return to Pet. for Writ of Cert. 1, ECF No. 17-10.

  On August 18, 2011, the Supreme Court of South Carolina issued its order granting the petition for writ of certiorari and directed briefing. ECF No. 17-11. The Brief of Petitioner was filed on December 19, 2011, ECF No. 17-12, and the Brief of Respondent was filed on February 7, 2012, ECF No. 12-13. On June 13, 2012, the South Carolina Supreme Court entered its order dismissing the certiorari proceedings as improvidently granted. *Scruggs v. State*, Op. No. 2012-

MO-022 (S.C. June 13, 2012), ECF No. 17-14. Petitioner did not seek further review. The Supreme Court of South Carolina issued its remittitur on June 29, 2012. ECF No. 17-15.

II.   Discussion

   A.  Federal Court Filings

      1.  Petitioner's Federal Habeas Petition

Petitioner raises the following grounds in his federal petition for a writ of habeas corpus, quoted verbatim:

> Ground One:  Subject Matter Jurisdiction
> Supporting Facts: There was no evidence that indictment was taken back to the grand jury. See paperwork[.] No proof of letter from Ms. Scott or affidavit from Mr. Pascoe my appeal lawyer dropped my appeal without proof that indictment went back before grand jury.
>
> Ground Two: Ineffective trial counsel
> Supporting Facts: Failure to move for a mistrial based on state's closing argument.

Pet. 6-9, ECF No. 1.

      2.  Respondent's Return and Motion for Summary Judgment

In Respondent's Return and Motion for Summary Judgment, Respondent argues it is entitled to judgment as a matter of law. *See* ECF No. 17. However, Respondent characterizes Petitioner's Petition as including only *one* ground—Ground One: Subject Matter Jurisdiction. *Id.* at 7-8 (indicating Petitioner's only ground concerns subject matter jurisdiction).

Accordingly, it is recommended that Respondent's Motion for Summary Judgment be *denied without prejudice* and that Respondent be permitted to file a Motion for Summary Judgment that addresses all grounds raised in Petitioner's Petition, as amended. *See infra*.

3. Petitioner's Motion to Stay

In Petitioner's Motion to Stay, he seeks to stay this federal habeas action so that he may fully exhaust his state-court remedies. Pet.'s Mot. Stay, ECF No. 39. In this Motion, Petitioner erroneously indicates his Petition includes only one ground for relief. *Id.* at 3.[3] Petitioner notes he is "unskilled in the law," and had to rely on assistance from the "prison law library clerk ('PLC')" in drafting his Petition. *Id.* at 4. Petitioner indicates the PLC erroneously "abandoned the issues that were ruled on by the PCR Court, to which the PCR Court was the Court Petitioner was required to present all his ineffective assistance of counsel claims for the first time, which will be the subject of the instant motion." *Id.*

a. Motion to Stay Construed as Including a Motion to Amend Petition

Petitioner submits that, if he had included his "substantial" claims of ineffective assistance of counsel that were before the PCR court, his Petition would be a "mixed" petition that contained both exhausted and unexhausted claims. Pet.'s Mot. Stay 4, ECF No. 39. The court is required to construe pro se petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting document filed by a pro se litigant is to be liberally construed). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Construing this pro se Petitioner's Motion liberally,

---

[3] This misstatement is likely based on Respondent's representation in its Return and Motion for Summary Judgment that Petitioner raised only the subject-matter-jurisdiction ground in his habeas Petition.

as it must, <u>the court construes Petitioner's Motion to Stay as seeking to amend his Petition to include the ineffective assistance of counsel claims raised before the state PCR court.</u>[4]

Leave to amend is to be freely given. *See* Fed. R. Civ. P. 15(a); *Forman v. Davis,* 371 U.S. 178, 182 (1962). Petitioner has one year from the conclusion of his direct appeal to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). The undersigned notes that Petitioner's one-year statute of limitations to file a habeas petition has not yet run. The statute of limitations begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Petitioner's direct appeal concluded when the South Carolina Court of Appeals issued its opinion affirming his conviction and sentence on October 3, 2005. *State v. Scruggs*, Op. No. 2005-UP-537 (S.C. Ct. App. Oct. 3, 2005). Because Petitioner did not file a Petition for Rehearing, his time for seeking further direct review expired on October 18, 2005, 15 days after the Court of Appeals issued its opinion. *See* Rule 221(a), SCACR (stating petitions for rehearing must be actually received by the appellate court within fifteen (15) days after the filing of the order of dismissal). Petitioner filed his PCR application on October 14, 2005, tolling the one-

---

[4] In making this recommendation, the court offers no opinion on the merits of Petitioner's claims.

8

year limitations period, *see* 28 U.S.C. § 2244(d)(2).[5] Because no days had elapsed when Petitioner filed his PCR application, he then had 365 days within which to timely file a federal habeas petition. Petitioner timely appealed the denial of his PCR Application, and his PCR appellate counsel made a petition for certiorari, which was granted. On June 13, 2012, the South Carolina Supreme Court dismissed the grant of certiorari as improvidently granted. Petitioner did not petition the United States Supreme Court for certiorari within the 90-day timeframe allowed. *See* Sup. Ct. R. 13.1. Because he had sought review with the state's highest court, the statute of limitations remained tolled until the 90-day time for petitioning for review before the United States Supreme Court had expired. *Gonzalez*, 132 S. Ct. at 653-54.

Accordingly, the statute of limitations began running on September 11, 2012, giving Petitioner until September 11, 2013 to timely seek federal habeas relief. Petitioner filed his original Petition in this court on October 8, 2012, well within the limitations period of 28 U.S.C. § 2244. Similarly, Petitioner's April 8, 2013 Motion to Stay (construed as Motion to Amend), ECF No. 39, was filed within the one-year limitations period. Because Petitioner's request to amend was filed within his one-year limitations window, the undersigned finds the request to amend should be granted. *See* Fed. R. Civ. P. 15(a); *Forman,* 371 U.S. at 182. *Cf. Lowery v. Stevenson,* C/A No. 8:08-2526-GRA, 2009 WL 2048928 (D.S.C. July 10, 2009) (declining to apply liberal construction and construe petitioner's motion as motion to amend when motion was not filed within the one-year limitations window). Further, because Respondent has not yet

---

[5] Although it appears Petitioner filed his PCR Application prior to the Court of Appeals' issuing its remittitur, Respondent acknowledges October 14, 2005 as the date of Petitioner's PCR filing subsequent to the Court of Appeals' affirmance. *See* Resp.'s Mot. Summ. J. 4, n.1, ECF No. 17.

considered and briefed the ineffective-assistance-of-counsel claim in Petitioner's original Petition, Respondent will not be prejudiced by this amendment of Petitioner's Petition.

Accordingly, the undersigned recommends the United States District Judge construe Petitioner's Motion to Stay in part as a Motion to Amend his Petition to include, in addition to the ineffective-assistance-of-counsel claim regarding the State's closing argument, the following ineffective-assistance-of-counsel[6] grounds:

> 2. Ineffective Assistance of Counsel.
> a. Counsel failed to object to the sentence of life without parole under Section 17-25-45.
> b. Counsel Failed to investigate, including the interviewing of defense witnesses and advice about the use of his prior record to impeach.
> c. Counsel failed to request mental evaluation prior to trial concerning his competency to stand trial.
> [*3. Improper jury instructions.*
> *a. Instructions shifted the burden of proof when instructions referred to "absolute certainty."]*
> b. Counsel was ineffective in failing to object to the instruction.

*See* App. 549-55 (italics added; italicized section not part of amendment).

The undersigned recommends the portion of Petitioner's Motion seeking to amend his Petition be *granted*.[7] This amendment will work no prejudice on Respondent and will foster judicial economy.

The analysis of Petitioner's Motion does not end here, however.

---

[6] Because Petitioner's PCR Application included an ineffective-assistance-of-counsel ground related to counsel's failure to object to a portion of the jury instruction, *see* ground 3(b), the court includes Grounds 3 and 3(a) for context.

[7] In the event the United States District Court adopts this portion of this Report and Recommendation, the Clerk should be instructed to attach the portion of the Order granting amendment to Petitioner's Petition, ECF No. 1.

b. Motion to Stay and Hold Petition in Abeyance

Citing *Rhines v. Weber*, 544 U.S. 269 (2005), Petitioner asks that the court stay his pending habeas Petition so that he may return to South Carolina's state courts to exhaust his ineffective-assistance-of-counsel claims that were asserted before the PCR court but were not presented on appeal of the PCR ruling. Pet.'s Mot. 4, ECF No. 39. Petitioner argues that his is a "mixed" Petition because it includes claims that have been exhausted below and some that have not. Petitioner apparently refers to the ineffective assistance claim that was appealed to the Supreme Court of South Carolina as exhausted and the other ineffective assistance of counsel claims as being "unexhausted" because they "have not been presented to the State's highest court, but have been presented to the Court which had authority over the claims for the first initial proceeding where the issues had to be raised." *Id.* Petitioner argues these claims have not been exhausted "because of the inadequate corrective process of the State statutory appointed counsel, Rule 71.1(d) and State statutory appoint[ed] PCR appellate counsel, Rule 71.1(e), SCRCP." *Id.* at 4-5.

In *Rhines v. Weber*, 544 U.S. 269, the Supreme Court addressed how "mixed" petitions containing both exhausted and unexhausted claims should be handled by district courts. The Court in *Rhines* noted the interplay between the one-year statute of limitations in the AEDPA, 28 U.S.C. § 2244(d) (1), and the requirement of *Rose v. Lundy*, 455 U.S. 509 (1982), that courts are to dismiss the entire mixed habeas petition without prejudice in order to effectuate the requirement of "total exhaustion." *Rhines*, 544 U.S. at 274-75. In such cases, petitioners who come to federal court with a mixed petition "run the risk of forever losing their opportunity for any federal review [of their claims]" if the district court dismisses the case without prejudice

11

close to or after the limitations period has expired." *Id.* In *Rhines*, the Court noted that some district courts have adopted a stay and abeyance procedure to deal with this problem: the court stays the petition and holds it in abeyance while the petitioner returns to state court with his unexhausted claims. *Id.* at 275-76. The Court cautioned, however, that the practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly.

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

*Id.* at 277.

For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Id.* at 277.

In opposing Petitioner's Motion to Stay, Respondent submits Petitioner's Petition is not "mixed," making *Rhines* inapplicable. Resp't's Mem. 5-6. Discussing only the subject-matter jurisdiction ground, Respondent submits that such ground has been fully exhausted because it was the subject of a direct appeal of Petitioner's conviction. *Id.* The undersigned agrees.

Respondent did not address the ineffective assistance of counsel claim in Petitioner's Petition. Having considered all grounds in Petitioner's Petition, as amended with the additional

ineffective-assistance-of-counsel grounds, the undersigned finds that the Petition is not "mixed," making *Rhines* inapplicable. Petitioner's claims of ineffective assistance of counsel that were presented at the PCR hearing level but were not appealed in the South Carolina court system are considered "technically exhausted" for habeas purposes. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997) (overruled on other grounds by *United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011)). As the Court explained in *Woodford v. Ngo*, 548 U.S. 81 (2006):

> [I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

*Id.* at 92 (internal citations omitted).

Here, it is true that Petitioner did not include all of his ineffective assistance of counsel grounds raised to the PCR court at the state appellate court level. However, he has technically exhausted that remedy. Thus, this petition is not a mixed petition like those discussed in *Rhines*. Here, the rules of procedural bar apply to prohibit further review by the state courts. *Matthews v. Evatt*, 105 F.3d at 911. Therefore, allowing Petitioner to attempt to raise any unexhausted claims now in state court would be futile. Petitioner's Motion to Stay should be denied.

Because Petitioner's Petition, even amended as recommended herein, is not a "mixed" Petition, the court need not further consider the merits of Petitioner's argument based on *Rhines*. In any event, even applying *Rhines* to the facts of this case, the undersigned is of the opinion that a stay is not warranted. Although, *arguendo*, there could be a remote possibility that the state

PCR court would review the merits of any successive PCR application filed by Petitioner,[8] any ruling of the United States District Court that the claims are without merit would not preclude the state PCR court from reaching a contrary conclusion and granting relief. *See Ivey v. Catoe*, 36 F. App'x 718, 734 (4th Cir. 2002) (holding denial of motion to stay federal habeas petition while collateral petition was pending in state court was not abuse of discretion, particularly noting district court's ruling that claims were without merit "in no way precludes the state court from reaching a contrary conclusion and granting relief" ).

Accordingly, the undersigned recommends that this portion of Petitioner's Motion to Stay, ECF No. 39, be *denied*.

III.     Conclusion

For the foregoing reasons, the undersigned recommends Respondent's Motion for Summary Judgment, ECF No. 17, be *denied without prejudice and with leave to refile as discussed herein*. In the event this portion of the Report and Recommendation is adopted, Petitioner is to file a return and dispositive motion *within 30 days of the entry of the order of the District Court*. Further, it is recommended that Petitioner's Motion to Stay, ECF No. 39, be *granted* insofar as it is construed as a Motion to Amend the Petition, and *denied* insofar as it seeks to have this federal habeas matter stayed while Petitioner pursues further collateral relief.

IT IS SO RECOMMENDED.

May 23, 2013                                                               Kaymani D. West
Florence, South Carolina                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[8] It does not appear that Petitioner has filed another collateral action in state court.