UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Scruggs, #136701,   )<br>                                       )<br>                    Petitioner,   )<br>                                       )<br>v.                                    )<br>                                       )<br>Warden Stevenson,              )<br>                                       )<br>                    Respondent.  )<br>_____) | C/A No.:  5:12-cv-02940-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for a review of United States Magistrate Judge Kaymani D. West's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, and filed on May 23, 2013. Petitioner Albert Scruggs ("Petitioner"), an inmate at the Broad River Correctional Institution and proceeding *pro se* in this matter, brought this habeas action pursuant to 28 U.S.C. § 2254 on October 8, 2012.[1] ECF No. 1. Presently before the Court for a ruling are Respondent's Return and Motion for Summary Judgment (ECF Nos. 17 & 18), and Petitioner's Motion to Hold Habeas Petition; Respondent's Pending Motion; and Petitioner's Opposition in Abeyance ("Motion to Stay") (ECF No. 39). Magistrate Judge West recommends that Respondent's Motion for Summary Judgment (ECF No. 17) be denied without prejudice with leave to refile a Motion for Summary Judgment that addresses all grounds raised in Petitioner's Petition, as amended. The Magistrate Judge further recommends that Petitioner's Motion to Stay (ECF No. 39) be granted insofar as it is construed as a Motion to

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The envelope Petitioner used to file the § 2254 Petition is stamped "received" by Broad River Correctional Institution Mail Room on October 8, 2012 and the postmark reveals that the petition was mailed that same day. ECF No. 1-2.

Amend the Petition and denied insofar as it seeks to have this federal habeas matter stayed while Petitioner pursues further collateral relief. In light of Respondent's objections to the Report and Recommendation, the Court adopts the Magistrate Judge's Report and Recommendation in all respects except for the portion that incorrectly calculates the date that the statute of limitations for filing a habeas petition began running in this case. The Court shall provide its own discussion of this matter herein. Ultimately, however, this error does not change the timeliness of Petitioner's Petition or motion, and the Court agrees with the Magistrate Judge's recommendation.

### **Standard of Review**

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions

of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

In this case, Petitioner has not filed any objections to the Report and Recommendation. However, Respondent timely filed objections on June 10, 2013. ECF No. 45. Specifically, Respondent objects to Magistrate Judge West's calculation of the date that the one-year statute of limitations period under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) began to run. The Court agrees that the date is incorrectly calculated in the Report and Recommendation. Nevertheless, this error does not change the timeliness of Petitioner's Petition or Motion to Stay.

Because Petitioner filed his § 2254 Petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2244(d). Under the AEDPA, habeas corpus petitions filed by persons in state custody are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Here, because Petitioner did not seek review by the United States Supreme Court, Petitioner's conviction became final, and the AEDPA's one-year statute of limitations

began running "when [Petitioner's] time for seeking [direct] review with the State's highest court expired." *Gonzalez v. Thaler*, 565 U.S. ___, 132 S. Ct. 641, 654 (2012). The South Carolina Court of Appeals issued its opinion affirming Petitioner's conviction and sentence on October 3, 2005. *See State v. Scruggs*, Op. No. 2005-UP-537 (S.C. Ct. App. Oct. 3, 2005). To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), SCACR (stating "[a] decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). However, because Petitioner did not file a Petition for Rehearing, his convictions became final on October 18, 2005—fifteen (15) days after the Court of Appeals filed its opinion. *See* Rule 221(a), SCACR (stating "[p]etitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court.").

However, under the AEDPA, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.* § 2244(d)(2). Petitioner's filing of his post-conviction relief ("PCR") application on October 14, 2005 tolled the one-year limitations period. *Id.* Because no days had elapsed since the date of final judgment, Petition still had 365 days in which he could timely file a federal habeas petition. The statute of limitations remained tolled through June 13, 2012—the date the South Carolina Supreme Court dismissed the grant of certiorari to Petitioner on his PCR Application as improvidently granted. The

Magistrate Judge states in the Report and Recommendation that the statute of limitations remained tolled an additional ninety (90) days—the time during which Petitioner could have filed a petition for certiorari in the United States Supreme Court. *See* Report and Recommendation 9, ECF No. 42 (citing Sup. Ct. R. 13.1).  Yet, as correctly pointed out by Respondent in his objections, the Fourth Circuit has held that "[f]ollowing the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(2)."  *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).  Thus, the Court finds that the statute of limitations began to run on June 13, 2012 when the South Carolina Supreme Court dismissed the PCR appeal, rather than September 11, 2012 as found by the Magistrate Judge.  Accordingly, Petitioner has until June 13, 2013 to timely seek federal habeas relief.

Nevertheless, this miscalculation did not affect the timeliness of Petitioner's § 2254 Petition.  As stated by the Magistrate Judge, Petitioner timely filed his § 2254 Petition on October 8, 2012, and the Court finds that the Petition remains timely filed even under the new properly-calculated deadlines.  Moreover, Petitioner's April 8, 2013 Motion to Stay (construed as a Motion to Amend) still falls within the one-year limitations period.  Accordingly, based upon the reasoning of the Magistrate Judge, the Court concludes that Petitioner's request to amend should be granted.

After a thorough review of the record, the Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound

principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in all respects except for the portion that incorrectly calculates the date that the statute of limitations for filing a habeas petition began running in this case.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Stay (ECF No. 39) is GRANTED insofar as the Court has construed it as a Motion to Amend the Petition as set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay (ECF No. 39) is DENIED insofar as it seeks to have this federal habeas matter stayed while Petitioner pursues further collateral relief.

**IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 17) is DENIED without prejudice with leave to refile a Motion for Summary Judgment that addresses all grounds raised in Petitioner's Petition, as amended. Respondent is to file a return and dispositive motion within thirty (30) days of the date of entry of this order.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  13 , 2013
Anderson, South Carolina