UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Albert Scruggs, #136701, | ) | |
| | ) | C/A No. 5:12-2940-RBH-KDW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Albert Scruggs ("Petitioner" or "Scruggs"), a state prisoner, filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for a Report and Recommendation on Respondent's Amended Return and Second Motion for Summary Judgment, ECF Nos. 53, 54. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on July 16, 2013, the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 57. Petitioner filed a response in opposition to Respondent's second summary judgment motion on August 22, 2013. ECF No. 65. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Second Motion for Summary Judgment, ECF No. 53, be GRANTED.

I.     Factual Background

Petitioner, confined at the Broad River Correctional Institution, was indicted in the June 2002 term of the Court of General Sessions for Richland County for Burglary, second degree (02-GS-40-5055); Kidnapping (02-GS-40-5056); and Assault with Intent to Commit Criminal

Sexual Conduct (02-GS-40-5057).  App. 516-517, 519-520, 522-523.[1]  Prior to trial, on October 18, 2002, Petitioner was served with notice of intent to seek life without parole ("LWOP"). App. 608. On November 14, 2002, Indictments 02-GS-40-5055 and 02-GS-40-5057 were re-presented to the grand jury as amended prior to the commencement of the trial and true-billed in their amended form. *See State v. Scruggs*, Factual Determination Order, filed April 9, 2004, ECF No. 17-4. On January 13-15, 2003, a jury trial was conducted before the Honorable G. Thomas Cooper. App. 1. Petitioner was represented by James P. Rogers, Esquire, and Assistant Solicitors David Michael Pascoe, Jr. and Kathryn Luck Campbell represented the State.  *Id.* Petitioner was found guilty on all charges and was sentenced to LWOP on the Kidnapping and the Assault with Intent to Commit Criminal Sexual Conduct charges, and to a period of 15 years for the Second-Degree Burglary offense. App. 514.

II.     Procedural History

Petitioner timely filed a Notice of Intent to Appeal with the South Carolina Court of Appeals on January 16, 2003. On appeal, Petitioner was represented by Robert M. Pachak of the South Carolina Office of Appellate Defense. ECF No. 17-1. On November 19, 2003, counsel made a Final Brief of Appellant asserting as the sole ground for relief:  "Whether the trial court had subject matter jurisdiction to try appellant for assault with intent to commit criminal sexual conduct where the indictment was amended after it was true-billed by the grand jury?"  *Id.* at 4. The South Carolina Court of Appeals remanded the case to the circuit court for a factual determination regarding whether the indictment had been re-presented in its amended form to the grand jury prior to the Petitioner's trial. ECF No. 17-3. On remand, Judge Cooper issued his

---

[1] Citations to "App." refer to the Appendix and Supplemental Appendix for Writ of Certiorari as to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF Nos. 17-16 through 17-20 in this habeas matter.  Page number references are to the pages as numbered in the Appendix.

order that the indictment had been re-presented to the grand jury in November 2002. ECF No. 17-4. Through counsel Pachak, Petitioner filed a Supplemental Final Brief of Appellant on April 20, 2004. ECF No. 17-5. In the brief, counsel Pachak acknowledged Judge Cooper's order and supporting documentation and noted that "[t]here no longer exists an issue to the indictment." *Id.* at 5. The Court of Appeals affirmed Petitioner's convictions, noting: "Appellant concedes in his supplemental final brief that there is no longer an issue regarding the indictment." ECF No. 17-6. Petitioner sought neither rehearing in the South Carolina Court of Appeals nor certiorari to the South Carolina Supreme Court. The remittitur was issued by the Court of Appeals on October 19, 2005. ECF No. 17-7.

Petitioner first made an Application for Post-Conviction Relief ("PCR") on September 20, 2004, 2004-CP-40-4395, amended March 4, 2005, while his direct appeal was still pending. App. 525-37. That Application was dismissed without prejudice on September 21, 2005. App. 541-42. On October 14, 2005, subsequent to the Court of Appeals' decision affirming his conviction, Petitioner filed a second PCR Application, 2005-CP-40-5306. App. 543-55. In his second Application, Petitioner alleges that he is being held in custody unlawfully for the following reasons:

1. Subject Matter Jurisdiction
   a. The service of the LWOP notice was faulty and therefore conviction and sentencing is invalid.
2. Ineffective Assistance of Counsel.
   a. Counsel failed to object to the sentence of life without parole under Section 17-25-45.
   b. Counsel failed to investigate, including the interviewing of defense witnesses and advice about the use of his prior record to impeach.
   c. Counsel failed to request mental evaluation prior to trial concerning his competency to stand trial.
3. Improper jury instructions.
   a. Instructions shifted the burden of proof when instructions referred to "absolute certainty."
   b. Counsel was ineffective in failing to object to the instruction.

App. 549-55.  Petitioner's second Application was merged with the original application by the Administrative Judge on November 23, 2005. App. 565. Because the dismissal was without prejudice on the 2004 action, the Respondent, upon notice, sought to reset the 2004 Application, 2004-CP-40-4395, to the active roster on or about February 2008. *See* App. 556 n.1. The PCR court concurred. App. 579. Respondent made its Return on January 5, 2009. App. 556-61. An evidentiary hearing was convened on February 25, 2009 at the Richland County Courthouse before the Honorable L. Casey Manning, Circuit Court Judge. App. 572. Petitioner was present at the hearing and was represented by appointed counsel Tara Dawn Shurling, Esquire, and Attorney Brian T. Petrano, of the South Carolina Attorney General's Office, represented Respondent.  *Id.*  Petitioner testified on his own behalf, App. 580-607, and his trial counsel, James Rogers, also testified at the hearing, App. 607-18. On June 23, 2009, the PCR court issued an Order denying Petitioner's grounds for relief and making the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985).

The Applicant testified that his prior assault with intent to commit criminal sexual conduct conviction was the basis for the LWOP. The Applicant testified that he "got" trial counsel after his bond was revoked. The Applicant testified that they never discussed LWOP.  The Applicant testified that there was an offer for twenty (20) years and then another offer for fifteen (15) years, the Applicant testified that he would not plea guilty because he is not guilty. The Applicant testified that he was never aware of LWOP. The Applicant testified that the [sic] even if he knew of LWOP he would not have pled guilty because he is not guilty. The Applicant testified that his attorney failed to investigate. The Applicant testified that trial counsel did not object to the hair. The Applicant

testified that trial counsel did point out to the jury all the different hair style claims. The Applicant testified that trial counsel was ineffective regarding the strike law.

Trial counsel testified that he and the Applicant were served with the LWOP notice on October 18, 2002. Trial counsel testified that he did review the strike law statute, S.C. Code § 17-25-45, and that assault with intent to commit CSC 2nd is a strike. Trial counsel testified that he did not move for a mistrial after the stricken testimony. Trial counsel testified that credibility was an issue. Trial counsel testified that he does not recall the preliminary hearing, that he was probably not retained yet. Trial counsel testified that there was no forensic evidence, that he did use an expert for eyewitness testimony. Trial counsel testified that while he did make some objections during closing, he did not move for a mistrial, that perhaps he should have.

In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C. 441, 334 S.E.2d 813 (1985). The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Alexander v. State, 303 S.C. 539, 542, 402 S.E.2d 484, 485 (1991).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625, (citing Strickland). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. As discussed above, the Applicant has failed to carry his burden in this action. Therefore, this Court finds that the application must be denied and dismissed.

This Court finds Applicant's testimony is not credible, while also finding Applicant's counsel's testimony is credible. Accordingly, this Court finds Applicant has failed to prove the first prong of the <u>Strickland</u> test - that counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds Applicant has failed to prove the second prong of <u>Strickland</u> -that he was prejudiced by counsel's performance.

This Court finds any allegations regarding the LWOP sentence to be without merit. The Applicant failed to present any credible testimony that the LWOP notice was not served on him. The record reflects, and trial counsel confirmed, that the Applicant and trial counsel were served by the State with notice of intent to seek a life sentence pursuant to S.C. Code § 17-25-45 on October 18, 2002. (Trial transcript p. 510).[3] Accordingly, the Applicant's LWOP claims are without merit.

The applicant also complained of trial counsel's purported failure to adequately investigate, the Applicant's mere argument cannot serve to satisfy his burden of proof. "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result." <u>Moorehead v. State</u>, 329 S.C. 329, 496 S.E.2d 415 (1998). Similarly, the Applicant alleged that trial counsel was ineffective regarding cross-examination of witnesses, once again; the Applicant's argument is not enough to satisfy his burden of proof. The nature and scope of cross-examination is inherently a matter of trial tactics. <u>United States v. Nersesian</u>, 824 F.2d 1294, 1321 (2nd Cir. 1987). "[A] defendant has a 'burden of supplying sufficiently precise information,' of the evidence that would have been obtained had his counsel undertaken the desired investigation, and of showing 'whether such information ... would have produced a different result.'" <u>United States v. Rodriguez</u>, 53 F.3d 1439, 1449 (7th Cir. 1995).

Regarding any allegation that trial counsel was ineffective for failing to move for a mistrial after objecting to the State's closing argument, this Court finds the Applicant's claims to be without merit. Specifically, during closing argument the State alluding to testimony from one of the investigating officers that his supervisor had been fired. (Trial transcript p. 485). The testimony referred to during the State's closing was from the testimony of Officer Patterson. (Trial transcript p. 237). Presumably, the Applicant's claim is that trial counsel should have moved for a mistrial following the objection(s). This court finds that the Applicant failed to demonstrate how the State's closing warranted such a response by trial counsel and further whether the trial court would find grounds for a mistrial. Similarly, the Applicant failed to demonstrate that trial counsel   was

---

[3] The Applicant's prior offense was assault with intent to commit criminal sexual conduct 2nd (98GS403881). Assault with intent to commit criminal sexual conduct 2nd is a "most serious" offense per S.C. Code § 17-25-45(C)(1) (Supp. 2002).

ineffective or that he was prejudiced regarding the stricken testimony of Investigator Benson about pictures of the Applicant with his head shaven.[4] (Trial transcript p. 380). The trial court has discretion to grant or deny a motion for mistrial, and the court's decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law. State v. Culbreath, 377 S.C. 326, 331, 659 S.E.2d 268, 271 (Ct.App.2008). A mistrial should be granted only when absolutely necessary. State v. Council, 335 S.C. 1, 13, 515 S.E.2d 508, 514 (1999). To receive a mistrial, a defendant must show both error and resulting prejudice. Id. The Applicant failed to demonstrate any prejudice regarding the State's closing argument and comment about why the Officer's supervisor may have been fired and how that would reasonably affect the outcome of the trial. Similarly, the Applicant failed to demonstrate any deficient performance from trial counsel or prejudice on the issue of the Applicant's different hairstyles and whether Officer Benson had seen images of the Applicant with other hairstyles.[5]

Regarding whether trial counsel failed to properly exploit the difference in the reported hairstyle of the Applicant and what the victims' [sic] reported, this Court finds the Applicant's claims to be without merit. Trial counsel did argue that the witness (not the victim) was inconsistent about the perpetrator/Applicant's hairstyle. (Trial transcript p. 312 - 313). Trial counsel successfully questioned the victim herself as to whether she indicated the Applicant had curly hair. (Trial transcript p. 47). Trial counsel questioned almost all of the witnesses about the curly hair issue: Investigator Benson (Trial transcript p. 56, 352, 364), the victim (Trial transcript p. 7, 182), Roy Paschal (Trial transcript p. 209 - 210), witness Keown (Trial transcript p. 311 - 313), trial counsel objected to the license photo due to curly hair (Trial transcript p. 390), trial counsel exploited the curly hair issue throughout his closing argument (Trial transcript p. 458, 460, 465 - 466). Accordingly, the Applicant's claims have no merit because he failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced.

CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Counsel was not deficient in any manner, nor was Applicant prejudiced by counsel's representation. Therefore, this

---

[4] Investigator Benson testified "I CAN SAFELY SAY UNCATEGORICALLY, THAT IS THE BEST COMPOSITE OF ANY SUSPECT THAT I HAVE EVER SEEN." (Trial transcript p. 379 L. 16 - 17).

[5] Because the Applicant's [sic] addressed his hairstyle prior to the date of the offense, the State presented testimony at the trial from the Department of Public Safety to authenticate a driver's license photograph (the Applicant had denied having a driver's license). (Trial transcript p. 390 -391,441).

application for post-conviction relief must be denied and dismissed with prejudice.

Except as discussed above, this Court finds that the Applicant failed to raise the remaining allegations set forth in his application at the hearing and has, thereby, waived them. As to any and all allegations that were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339, 415 S.E.2d 384 (1992). A waiver may be express or implied. "An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Lyles v. BMI, Inc., 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987). The Applicant's failure to address these issues at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations are denied and dismissed.

App. 622-31.

Petitioner filed a timely Notice of Appeal of the PCR order. On April 30, 2010, Appellate Defender Katherine H. Hudgins, made a Petition for Writ of Certiorari raising the following issue: "Did the PCR judge err in refusing to find counsel ineffective for failing to move for a mistrial based on three separate improper comments made by the State in closing argument?" ECF No. 17-9. Respondent, through Assistant Attorney General Petrano, made a Return to the Petition and asserted as a counter-issue "whether the issue(s) now argued was not similarly addressed by the PCR court and is not properly before this court." ECF No. 17-10. On August 18, 2011, the Supreme Court of South Carolina issued its order granting the Petition for Writ of Certiorari and directed briefing. ECF No. 17-11. The Brief of Petitioner was filed on December 19, 2011, ECF No. 17-12, and the Brief of Respondent was filed on February 7, 2012, ECF No. 12-13. On June 13, 2012, the South Carolina Supreme Court entered its order dismissing the certiorari proceedings as improvidently granted. ECF No. 17-14. Petitioner did not seek further

review. The Supreme Court of South Carolina issued its remittitur on June 29, 2012. ECF No. 17-15.

III.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the

court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

IV.     Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

Ground One:  Subject Matter Jurisdiction

Supporting Facts: There was no evidence that indictment was taken back to the grand jury. See paperwork[.] No proof of letter from Ms. Scott or affidavit from Mr. Pascoe my appeal lawyer dropped my appeal without proof that indictment went back before grand jury.

Ground Two: Ineffective trial counsel

Supporting Facts: Failure to move for a mistrial based on state's closing argument.

ECF No. 1 at 6-9.

On June 13, 2013, the Petition was amended to include the following additional ineffective assistance of counsel grounds:

2. Ineffective Assistance of Counsel.
         a. Counsel failed to object to the sentence of life without parole under Section 17- 25-45.
         b. Counsel failed to investigate, including the interviewing of defense witnesses and advice about the use of his prior record to impeach.
         c. Counsel failed to request mental evaluation prior to trial concerning his competency to stand trial.
[*3. Improper jury instructions.*
         *a. Instructions shifted the burden of proof when instructions referred to "absolute certainty."]*
         b. Counsel was ineffective in failing to object to the instruction.

ECF No. 60 at 5 (italicized section added for context and is not part of amendment).

B.  Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 399 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state

courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)    (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only

those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and

prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

### 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 496-97. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Coleman*, 501 U.S. at 752-53; *Murray v. Carrier*, 477 U.S. at 488-89.  Absent a showing of cause, the court is not required to consider actual prejudice.  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 503-506. To show actual prejudice, the petitioner must demonstrate more than plain error.

### V.     Analysis

A federal court may issue a Writ of Habeas Corpus on claims adjudicated on their merits in state court only if that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d); *Cummings v. Polk*, 475 F.3d 230, 237 (4th Cir. 2007)

(internal quotation marks omitted).  "A state court's decision is contrary to clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by th[e] [Supreme] Court on a question of law' or 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at' an opposite result." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).  Stated differently, to obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). "[S]o long as 'fairminded jurists could disagree on the correctness of [a] state court's decision,'" a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court. *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

A.    Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).  In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

1. Procedurally Barred Grounds

In Ground Two of his original habeas Petition, Petitioner argues that his trial counsel was ineffective when he failed to move for a mistrial in response to the prosecutor's improper closing arguments. ECF No. 1 at 6. More specifically, Petitioner contends that his trial counsel was ineffective when he objected, but failed to move for a mistrial, when the prosecutor:

- shifted the burden to Petitioner to establish his whereabouts at the time of the incident, (Issue One);

- presented arguments that Petitioner's expert agreed to testify to before he knew the facts of the case, (Issue Two); and

- argued "facts not in evidence" during its closing regarding the reasons a testifying officer's supervisor was fired (Issue Three).

ECF No. 65 at 11-12. Respondent contends that Issues One and Two were not addressed in the PCR court's order and therefore are barred from habeas review. ECF No. 54 at 20. Respondent argues that Issues One and Two were argued in his appeal of the PCR's court order and therefore he has exhausted his state court remedies. ECF No. 65 at 9-10.

The undersigned has reviewed the PCR court's Order of Dismissal and Plaintiff's claims concerning trial counsel's ineffectiveness for failing to move for a mistrial on Issues One and Two and finds that these issues were not raised before and/or ruled on by the PCR court. Therefore, these issues are procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising Issues One and Two in his claim for relief in Ground Two of his habeas Petition.

2.     Petitioner Has Not Overcome the Procedural Bar

The existence of cause ordinarily turns upon a showing of a factor external to the defense which impeded counsel or Petitioner's compliance with the state procedural rule.  *Murray v. Carrier*, 477 U.S. at 488.  Having reviewed the record evidence and the parties' legal memoranda the undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claim. Petitioner filed a direct appeal, and had a PCR hearing where he again testified before the PCR judge.  Petitioner had numerous opportunities to raise the issue that he is now trying to bring before this court, however, he failed to raise it, raise it properly, or preserve the issue for habeas review.  Petitioner therefore cannot establish cause and prejudice.

Petitioner has also failed to demonstrate that he is actually innocent of the crimes for which he was convicted, such "that failure to consider the claims will result in a fundamental miscarriage of justice." *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750)); *see also Weeks v. Angelone*, 176 F.3d 249, 269 (4th Cir. 1999). The claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).  Petitioner does not make a claim of actual innocence and has not offered new evidence to suggest that he is actually innocent. It is therefore recommended that the Respondent's Motion for Summary Judgment be granted as to Issues One and Two in Ground Two of the habeas Petition.[2]

---

[2] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Issues One and Two in Ground Two of the habeas Petition.

3.     Merits

Addressing Issue Three in Ground Two of the original habeas Petition—whether trial counsel was ineffective for failing to move for a mistrial when the prosecutor argued facts not in evidence during its closing—Respondent contends that the PCR court reasonably found that trial counsel was not deficient.  ECF No. 54 at 27.  Respondent argues that the "slight misstatement in closing argument" about the reason why the testifying officer's supervisor was terminated (because the supervisor let Petitioner leave after the initial police encounter) was a collateral issue that a "reasonable counsel would not have made a mistrial motion on."   ECF No. 54 at 23, 27.   Respondent further contends that there was not a "reasonable probability" that the trial judge "would have granted the mistrial motion under the circumstances," and further, the jury had been instructed that statements by counsel "were not to be considered evidence in the case." *Id.* at 27.   Respondent argues that there was no Sixth Amendment violation and the fact that trial counsel stated, "in hindsight . . . that he should have moved for a mistrial does not require a different result."  *Id.*

Petitioner argues that his trial counsel testified at the PCR hearing that he should have moved for a mistrial on the prosecutor's closing argument concerning the reason the supervisor was fired and that trial counsel's failure was not a trial strategy.  ECF No. 65 at 14.  Petitioner further argues that "the solicitor's comment in regards to the [firing of the] supervising officer . . . was highly prejudicial and improper as it was clearly outside the record" and, as a result, denied Petitioner a fair trial.  *Id.* at 15.  Petitioner further argues that the "closing argument was highly improper because the State was in effect bolstering and vouching for the credibility of the officer based on information outside the record."  *Id.* at 16.  Petitioner contends that because the facts in the case were "based solely on challenged eye-witness identification," that the "solicitor's

improper closing" together with the trial court's failure to give a curative instruction concerning the solicitor's statements, "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  ECF No. 65 at 14, 16.  Petitioner further contends that there was "no overwhelming evidence of guilt" and therefore the State's improper closing arguments "had a substantial and injurious effect on the jury's verdict, where credibility was the key issue." *Id.* at 16, 18.

In its order of dismissal, the PCR court denied Issue Three—ineffective assistance of counsel for failing to object to closing statements that argued facts not in evidence—and found:

> Regarding any allegation that trial counsel was ineffective for failing to move for a mistrial after objecting to the State's closing argument, this Court finds the Applicant's claims to be without merit. Specifically, during closing argument the State alluding to testimony from one of the investigating officers that his supervisor had been fired. (Trial transcript p. 485). The testimony referred to during the State's closing was from the testimony of Officer Patterson. (Trial transcript p. 237). Presumably, the Applicant's claim is that trial counsel should have moved for a mistrial following the objection(s). This court finds that the Applicant failed to demonstrate how the State's closing warranted such a response by trial counsel and further whether the trial court would find grounds for a mistrial.  . . . The Applicant failed to demonstrate any prejudice regarding the State's closing argument and comment about why the Officer's supervisor may have been fired and how that would reasonably affect the outcome of the trial. Tr. 628-29.

The undersigned finds that it was not unreasonable for the PCR court to find that Petitioner failed to meet his burden of showing that he was prejudiced by his trial counsel's failure to move for a mistrial on the solicitor's closing argument. The undersigned finds that the PCR court's finding was supported by the record, and the decision was not contrary to, nor an unreasonable application of, clearly established federal law under §2254(d)(1). The undersigned therefore recommends that Issue Three of Ground Two in the original Petition be dismissed.

4.     Ground One in Original Petition, and Grounds Two (a), (b), (c), and Three in Amended Petition

In his response to Respondent's Second Motion for Summary Judgment, Petitioner does not present any evidence or argument concerning Ground One in Original Petition, and Grounds Two (a), (b), (c), and Three in Amended Petition, and therefore, the undersigned considers them abandoned. Moreover, after a review of the Amended Return and memorandum in support of the Respondent's second summary judgment motion as to these grounds, and based on the reasoning contained therein, it is clear that Petitioner's Ground One in Original Petition, and Grounds Two (a), (b), (c), and Three in Amended Petition, would fail as a matter of law.

VI.     Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the undersigned recommends that Respondent's Second Motion for Summary Judgment, ECF No. 53, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

January 31, 2014                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**