IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Albert Scruggs, #136701, | ) | Civil Action No.: 5:12-cv-02940-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Albert Scruggs, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent Warden Stevenson filed a return and memorandum, as well as a motion for summary judgment.[1] The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[2] In the R&R, the Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's petition *with prejudice*.

This habeas petition arises from Petitioner's conviction, after trial, of second-degree burglary, kidnapping, and assault with intent to commit first-degree criminal sexual conduct. The facts and lengthy procedural history of this case are well-represented by the Magistrate Judge in her R&R and need not be restated in full. However, for the purposes of this order some additional procedural history is required. In October 2012, Petitioner filed a § 2254 petition, raising two grounds. His petition was amended in June 2013, adding several other claims of ineffective

---

[1] The Court references the Magistrate Judge's Report and Recommendation ("R&R") for the procedural history of this case. Suffice it to say that before the Court now are Respondent's amended return and memorandum, and second motion for summary judgment. ECF Nos. 53 & 54. Those filings relate to Petitioner's petition as it is amended by the order dated June 13, 2013. ECF No. 42.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

assistance of counsel.[3]  Respondent subsequently filed his amended return and a motion for summary judgment on July 15, 2013. ECF Nos. 53, 54.  After receiving notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner responded to Respondent's motion on August 8, 2013. ECF No. 65.  Subsequently, the Magistrate Judge issued an R&R, recommending that the Court grant Respondent's motion and dismiss Petitioner's petition. R&R, ECF No. 69.  Petitioner filed timely objections to the Magistrate Judge's recommendation.[4]  ECF No. 79.  The recommendation of the Magistrate Judge and Petitioner's objections are now before this Court.

---

[3] Specifically, the grounds raised by Petitioner are as follows:

> Ground One: Subject Matter Jurisdiction
>
> Supporting Facts: There was no evidence that indictment was taken back to the grand jury. See paperwork[.] No proof of letter from Ms. Scott or affidavit from Mr. Pascoe my appeal lawyer dropped my appeal without proof that indictment went back before grand jury.
>
> Ground Two: Ineffective trial counsel
>
> Supporting Facts: Failure to move for a mistrial based on state's closing argument.
>
> . . .
>
> 2. Ineffective Assistance of Counsel.
> a. Counsel failed to object to the sentence of life without parole under Section 17-25-45.
> b. Counsel failed to investigate, including the interviewing of defense witnesses and advice about the use of his prior record to impeach.
> c. Counsel failed to request mental evaluation prior to trial concerning his competency to stand trial.
> [3. Improper jury instructions.
> a. Instructions shifted the burden of proof when instructions referred to "absolute certainty."]
> b. Counsel was ineffective in failing to object to the instruction.

R&R 10 (alterations in original).
[4] Petitioner filed a document entitled "Petitioner's opposition and reply to Respondent's Motion for Summary Judgment" after the Magistrate Judge issued her R&R. ECF No 73.  To the extent this

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing Petitioner's § 2254 petition. She reports that Issues One and Two of Ground Two are procedurally barred, Issue Three of Ground Two is without merit, and all other claims raised by Petitioner are abandoned because he did not address them in his response to Respondent's motion. As to Issue Three of Ground Two, the Magistrate Judge concludes that the post-conviction relief

---

filing is a supplemental response to Respondent's motion for summary judgment, it is untimely. Petitioner's response was due in September 2013 and the R&R had already been issued. To the extent it is an objection to the R&R, the Court has reviewed the document and notes Petitioner's arguments do not relate to the recommendations of the Magistrate Judge. Indeed, Petitioner subsequently filed a motion to extend the deadline for filing his objections, and the deadline was extended by this Court. The filing thus cannot be construed as proper objections.

("PCR") court's finding that Petitioner's trial counsel was not ineffective for failing to object to the solicitor's closing arguments was appropriate. Specifically, the Magistrate Judge reasoned that "the PCR court's finding was supported by the record, and the decision was not contrary to, nor an unreasonable application of, clearly established federal law." R&R 20.

In his objections, Petitioner does not specifically address the Magistrate Judge's recommendation. Instead, he attaches two of his indictments—2002-GS-40-5055 (Second-Degree Burglary) and 2002-GS-40-5056 (Kidnapping)—as exhibits. The only conceivable purpose of his attaching the indictments would be to support Ground One of his petition, which the Magistrate Judge reported was abandoned. To that end, Petitioner notes that he is "remitting to the Court evidence of incorrect indictment for burglary 2nd degree." Pet'r's Objs. 3. The indictments he provides, however, are already part of the record. Petitioner, moreover, never raised the claim in his petition or in his response to Respondent's motion for summary judgment. Indeed, after a review of the record, there appears to have never been a dispute about the validity of his second-degree burglary indictment until now. Petitioner cannot now use his objections to plead new habeas claims. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (noting that it is a district court's duty to review "all *arguments* . . . regardless of whether they were raised before the magistrate" (emphasis added)). Instead of specifically objecting to the Magistrate Judge's report of abandonment, Petitioner raises new issues that were not addressed in his petition. Accordingly, Petitioner's objections are overruled. Moreover, the Court finds the Magistrate Judge's recommendations are without clear error.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the motion for summary judgment, the parties' briefs, the Magistrate Judge's R&R, Petitioner's objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that Petitioner's § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
March 11, 2014